# Harmon *v.* The State.

*Assault With Intent to Murder.*

(Decided April 21, 1910. 52 South. 348.)

1. *Conspiracy; Proof of; Circumstantial Evidence.*—A conspiracy may be proven by circumstantial evidence, and in this case, the question as to whether or not there was a conspiracy between the defendant and another who committed the overt act, was one for the jury under the evidence.

2. *Appeal and Error; Harmless Error; Evidence.*—Where evidence was subsequently admitted making the question of conspiracy one for the jury, any error in admitting evidence of the acts of an alleged co-conspirator of accused before the conspiracy had been shown, was rendered harmless.

3. *Evidence; Res Gestae.*—Where the prosecution was for assault with intent to murder, and the overt act was alleged to have been committed by an alleged co-conspirator of defendant, it was admissible as part of the res gestae to show whether or not the ball from the pistol used hit any person standing near.

4. *Homicide; Parties; Principals.*—Where one commits an assault with intent to murder and another standing by gives to the one who fired it the pistol used for the purpose of committing the offense, both parties are conspirators equally guilty.

5. *Homicide; Assault with Intent; Evidence.*—It was competent to show that the pistol used in the commission of the offense was loaded with a ball.

[Harmon v. The State.]

6. *Witnesses; Impeachment; Contradictory Statement.*—A witness may always be impeached by showing inconsistent or contracdictory statements made by him as to a material matter; and hence, where the charge was an assault with intent to murder, the overt act of which was committed by an alleged co-conspirator of the defendant, and such co-conspirator testified that the defendant did not give her the pistol used, which was a material fact, it was competent to show that after the act she said that the accused gave her the pistol, the testimony being limited to such purpose, although ordinarily statements of a co-conspirator made after the accomplishment of or failure of the object of the conspiracy are not admissible against the other.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

George F. Harmon was convicted of assault with intent to murder, and he appeals. Affirmed.

The facts are sufficiently stated in the opinion of the court. The following charges were given at the instance of the state: "(1) I charge you, gentlemen of the jury, that conspiracy may be proved by circumstantial evidence. (2) I charge you, gentlemen of the jury, that if you believe from the evidence beyond all reasonable doubt that the defendant gave Stella Black the pistol for the purpose of shooting Jack Brown, you cannot convict the defendant."

LOGAN, VAN DEGRAAFFE & LOGAN, for appellant. No conspiracy was shown in this case, and the defendant was entitled to the affirmative charge.—6 A. & E. Ency. of Law, 840. The acts and declarations of an associate are not admissible against the other after the accomplishment or failure of the common purpose.—6 A. & E. Ency. of Law, 869; *Brown v. U. S.*, 150 U. S. 93; *U. S. v. Gooding*, 12 Wheat. 460; 6 Ohio St. 467. The evidence was inadmissible for the purpose of impeachment because not as to a material matter.—*Berney v. Torrey*, 100 Ala. 157; *Ala. Min. R. R. Co. v. Jones*, 121 Ala. 114, and authorities there cited. Evidence of another and distinct offense is not admissible.—*Sellers v. The*

*State,* 98 Ala. 74; *Ingram v. Pollack,* 39 Ala. 247. Hence, the court erred in admitting evidence that the ball hit someone else.

ALEXANDER M. GARBER, Attorney General, for the State. The evidence was sufficient to require a submission to the jury of the question of the conspiracy, and hence, the guilt of the defendant.—*Martin v. The State.* 136 Ala. 38; *Marler v. The State,* 67 Ala. 55. Counsel discuss other assignments of error, but without citation of authority.

SIMPSON, J.—The appellant was convicted of the crime of assault with intent to murder Jack Brown. The evidence on the part of the state showed that in the month of June, 1909, said Jack Brown, who was deputy sheriff, was at Blocton, near the pay office of the Tennessee Coal, Iron & Railroad Company; that one Stella Beck was there, attempting to collect a pay check due by said company to defendant, there being there a considerable crowd of operatives collecting their pay checks; that, said Stella Beck being disorderly at the pay window, said Jack Brown pushed her down the steps; that at that time she did not have on, nor on her arm, any coat; that, a few minutes before this time, the defendant was standing at the foot of said steps with a blue coat on his arm; that in about five minutes after she had been pushed down the steps said Stella Beck came back up the steps with a blue coat, similar to the one defendant had, on her arm, and drew a pistol, either from under the coat or from its pocket, and fired it at said Jack Brown; that defendant admitted that it was his coat and his pistol which Stella had, but denied that he had given them to her. It was also shown that Stella Beck and defendant lived in the same house. At

[Harmon v. The State.]

the conclusion of the state's evidence, the defendant moved the court to exclude all of the testimony, on the ground that the state had not shown prima facie that there was a conspiracy between said Stella Beck and defendant to shoot said Jack Brown with intent to murder him. A conspiracy may be proved by circumstantial evidence; and, under the evidence of the state, it was for the jury to determine whether or not the conspiracy existed.

Just after the introductory portion of the testimony of Jack Brown, the first witness, he was asked, "Did Stella Beck shoot at you that day?" to which question the defendant objected, among other reasons, because no prima facie conspiracy had been shown between Stella Beck and defendant; but, on the statement of the solicitor that he would connect this testimony and show it to be relevant, the court overruled the objection, and, after the question was answered, the defendant moved to exclude the answer for the same reasons. It is true that neither the statements nor the acts of one supposed conspirator are admissible in evidence against the other, until the conspiracy has been proved; and Mr. Greenleaf criticises the practice of admitting them even provisionally, as was done in this case, and states that it should not be done except under particular and urgent circumstances, but that it is within the discretion of the judge.—1 Greenl. on Ev. (15th Ed.) § 111. Yet, in view of the subsequent testimony, this was not reversible error.

The next error insisted upon is the overruling of defendant's objection to the question to the same witness, "Did the ball hit any other person standing near?" and the refusal to exclude the answer thereto. The court holds that this testimony was properly admitted as part of the res gestæ, and also for the purpose of showing that the pistol was loaded with a ball.

The witness for the state, J. F. Golson, stated that, after Stella had been arrested for the shooting, he took her to the jail in Blocton, about one-half mile away, and that when they got near the jail he had a talk with her. He was then asked: "Did Stella Beck, when you got near the jail, on the day you arrested her, tell you that the defendant, George Harmon, gave her that pistol?" to which question the defendant objected. "Whereupon the solicitor stated to the court that it was solely for the purpose of contradicting Stella Beck that the testimony was offered." The court overruled the objection, and the defendant excepted. The witness answered, "Yes." The defendant then moved to exclude the answer, which motion was overruled, and the court stated that it was admitted only for the purpose of contradicting Stella Beck.

It is true that the statements of a co-conspirator, after the accomplishment, or failure of the object of the conspiratory, are not admissible against the other (1 Greenl. on Ev. (15th Ed.) § 110; 3 Greenl. on Ev. (15th Ed.) § 94; *Logan v. United States,* 144 U. S. 264, 309, 12 Sup. Ct. 617, 36 L. Ed. 429), but a witness may always be impeached by showing that he has made contradictory statements as to a material matter. The witness had testified that the defendant did not give the pistol to her, which was a material fact in the case, and it was proper to show that she had contradicted that statement by stating that he did give it to her. The court properly limited the statement.

The first charge given at the request of the state asserts a correct proposition of law.—*Marler v. State;* 67 Ala. 56, 66, 42 Am. Rep. 95; *Martin v. State,* 136 Ala. 33, 38, 34 South. 205. It was for the jury to say whether or not there were circumstances sufficient to prove a conspiracy.

[Campbell v. The .State.]

There was no error in giving the second charge requested by the state. The evidence was without conflict that Stella Beck was guilty of assault with intent to murder, and if the pistol was given to her by the defendant, for the purpose of committing that crime, they were conspirators in the commission of it, and each was equally guity.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur. ·