# Malone v. The State.

### Violating Prohibition Law.

(Decided February 3, 1914.   64 South. 632.)

*Criminal Law; Continuance; Absent Witness.*—Where defendant did not indicate to the court in any way that he expected to elicit any material testimony from either of his absent witnesses, it was not error for the court to deny his motion for a continuance or a postponement of the trial until he could have such witnesses brought in by attachment.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Will Malone was convicted of violating the prohibition law, and he appeals.   Affirmed.

J. E. Z. RILEY, for appellant.   Defendant was entitled to have his absent witnesses, and the court erred in putting him to trial without them, over his seasonable objection.—Sec. 6, Constitution 1901.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   No indication was given the court that any material testimony would be elicited from the absent witnesses, and the court will not be put in error for overruling a motion for a continuance.—*Palmer v. State,* 165 Ala. 129.

WALKER, P. J.—In reference to a motion of a defendant in a criminal case for the continuance or postponement of his trial in order that some of his wit-

[Moore v. The State.]

nesses might be brought into court by attachment, it was said, in the opinion rendered in the case of *Palmer v. State,* 165 Ala. 129, 51 South. 358: "To fasten error upon the trial court, it must be made to appear that the application was seasonably made, and accompanied by a showing as to what the absent witness is expected to swear, in order that the court may judge of its materiality."

Waiving the inquiry as to the defendant's having exercised due diligence to secure the attendance of the witnesses, it is enough to say, in justification of the court's action on his application, that he did not in any way indicate to the court that he expected to elicit any material testimony from either of the witnesses. It is not made to appear that error was committed by the court in refusing to delay the trial until compulsory process could be served on two witnesses, the nature of whose expected testimony was not disclosed, and for neither of whom was a subpœna requested until the afternoon of the day which intervened between that for which the case had been set for trial on the docket and that on which the trial was entered upon.

Affirmed.

### *Violating Prohibition Law.*

