(81 South. 349)

HARRIS v. STATE. (4 Div. 583.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ⬥364(7)—EVIDENCE—RES GESTÆ—EXPLAINING POSSESSION OF STOLEN PROPERTY.

In prosecution for larceny, evidence of defendant's statement as to his possession of the stolen property made after he had had time to fabricate an excuse as to his possession thereof was inadmissible, not being a part of the res gestæ of the discovery of the property in defendant's possession, or explanatory thereof.

2. WITNESSES ⬥236(6) — QUESTION OBJECTIONABLE IN PART.

A question which elicits both competent and incompetent testimony is objectionable.

3. CRIMINAL LAW ⬥670—RECEPTION OF EVIDENCE—FAILURE TO INFORM COURT OF EXPECTED ANSWER.

In prosecution for larceny, answer to question as to declaration made by defendant relating to his possession of the stolen property, where court was not informed as to the nature of answer expected, was properly excluded, inasmuch as such answer might have elicited a self-serving declaration.

4. LARCENY ⬥43—THEFT OF CATTLE—ADMISSIBILITY OF EVIDENCE.

In prosecution for stealing cattle, evidence that the defendant had given the owner of the cattle permission to hunt on his plantation was not relevant or material.

5. LARCENY ⬥68(1) — THEFT OF CATTLE — JURY QUESTION.

In prosecution for stealing cattle, evidence held to authorize submission of the case to the jury.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Jim Harris was convicted of larceny, and he appeals. Affirmed.

John H. Wilkinson and T. L. Borom, both of Troy, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

BROWN, P. J. The defendant was convicted of the larceny of a cow and calf, the personal property of W. S. Kelley. The evidence shows that defendant owned and occupied a plantation in Pike county adjoining the plantation occupied by Kelley, that the defendant was engaged in buying cattle, and that such cattle as he bought were marked and branded by him and turned on his plantation in Pike county to pasture through the winter months, and in the spring they were removed to another plantation in Montgomery county, some 12 or 13 miles from the Pike county plantation.

The cow in question was a milch cow, and was allowed to pasture on the plantation occupied by Kelley, with other cattle belonging to Kelley, and the evidence tends to show both the cow and calf were branded on the right jaw with the letter K during the previous fall (the alleged larceny having occurred during the latter part of February, 1917), and were otherwise unmarked.

After the cow and calf were missed by Kelley, he began to search for them, and after several days found them on defendant's plantation in Montgomery county. The evidence offered by the state tended to show that the cow and calf had been freshly rebranded with the letter H over the K; that a portion of the horns of both the cow and calf had been sawed off; that the bush of the cow's tail had been cut out; and that both had been freshly marked in the de-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 151.

fendant's mark. It was further shown that the cow and calf were driven by the defendant, with a lot of other cattle, from defendant's plantation in Pike county and turned on the pasture in Montgomery county, where they were found by Kelley.

[1-3] The solicitor's objection to the question asked the witness Kelley on cross-examination was properly sustained. Any declaration made by the defendant at this time was in no sense of the res gestæ of the discovery of the property in defendant's possession or explanatory thereof. The defendant had had time to fabricate an excuse as to his possession of the cattle. Oldacre v. State, 75 South. 827.[1] The objection was properly sustained for another reason: For all that appears the question elicited a self-serving declaration, and a question which elicits both competent and incompetent evidence is objectionable (McCutchen v. Loggins, 109 Ala. 457, 19 South. 810), and the court was not informed as to the nature of the answer expected (Brent v. Baldwin, 160 Ala. 635, 49 South. 343).

[4] The fact that defendant at some time previous to the alleged larceny had given the witness Kelley permission to hunt on the defendant's plantation was not relevant or material to the issues in this case.

[5] The evidence shows without dispute that the cow and calf in question were not the cow and calf purchased by the defendant from Turnipseed; that they belonged to Kelley; that they were driven from Pike county by the defendant and turned on his plantation in Montgomery county, and this evidence, in connection with the evidence that they had been freshly marked, their horns cut off, rebranded, and otherwise disfigured, authorized the submission of the case to the jury. Thomas v. State, 16 Ala. App. 219, 77 South. 57.

After careful consideration of the evidence, we are not convinced that the trial court was in error in refusing a new trial.

There is no error in the record.

Affirmed.