(85 South. 41)

DENTON v. STATE. (6 Div. 667.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. CRIMINAL LAW �kö=1144(7) — PRESUMED THAT DISCRETION IN OVERRULING OBJECTION TO TIME OF TRIAL WAS PROPERLY EXERCISED.

Where there was nothing in the record to show that defendant offered evidence to sustain his objection to being put upon trial because certain witnesses which he had ordered to be subpœnaed had not been served or the subpœna issued, the Supreme Court must presume that the trial court made proper investigation, and properly exercised its discretion consistent with the requirements of the Constitution in overruling the objection.

2. CRIMINAL LAW �kö=1206(3) — INDETERMINATE SENTENCE IMPOSED FOR OFFENSE BEFORE ENACTMENT.

Where accused was tried subsequent to Indeterminate Sentence Law, though for an offense committed prior to that act, it was error to impose a definite sentence on him.

3. CRIMINAL LAW ⊦kö=507(7)—FEMALE CONSENTING TO INCEST MUST BE CORROBORATED.

In a prosecution for incest, if the crime was committed with the consent of the principal witness, whose testimony was not sufficiently corroborated, defendant was entitled to the general charge, in view of Code 1907, § 7127, defining the crime, and section 7878, relating to the subpœnaing of witnesses.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Sam Denton was convicted of incest, and he appeals. Affirmed and remanded for proper sentence.

Travis Williams, of Russellville, for appellant.

Counsel discusses the assignments of error, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] When this cause was called for trial on April 1, 1919, defendant objected to being put upon trial, upon the ground that certain witnesses, which he had ordered to be subpœnaed, had not been served or the subpœnas issued. The judgment entry shows that the court overruled the objection, but there is nothing in the record tending to show that defendant offered any evidence in support of the objection. In the absence of evidence to the contrary, this court must presume that the trial court made proper investigation and properly exercised its discretion, consistent with the requirements of the Constitution. Sanderson v. State, 168 Ala. 109, 53 South. 109.

[2] The offense charged in the indictment was committed before the spring term, 1918, of the circuit court of Winston county, and the case was tried April 1, 1919. Sentence was for five years in the penitentiary. This sentence was error. The defendant should have been sentenced in accord with an act of the Legislature of 1919 (Acts 1919, p. 148). This act was construed and applied in the case of Rogers v. State, ante, p. 175, 83 South. 359, present term.

[3] After carefully considering the evidence in this record, we fail to find facts sufficient to corroborate the testimony of the woman, who alone testified to the facts constituting the crime with which defendant is charged. If the crime was committed with the consent of the principal witness, the defendant would have been entitled to the general charge. Code 1907, §§ 7878, 7127. It is true, the woman testified that at each recurrent act the defendant used threats and intimidations, and that she yielded to him through fear, but the rape was too often repeated and continued too long without outcry for full credence to be given to the statement. But this question is not presented in such way as that it can be considered by this court on appeal, but may be a proper case for the consideration of the pardoning power.

We find no error in the record that would warrant a reversal of the judgment of conviction, but, the sentence being erroneous, the cause will be remanded for a proper sentence.

Judgment of conviction affirmed, and cause remanded for proper sentence.

Affirmed in part and remanded.

---

⊦kö=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes