(100 So. 561)

**HASTY et al. v. STATE. (4 Div. 904.)**

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 13, 1924.)

**1. Criminal law ⚖═363—Description of burglarized house when witness left it, and when he returned, held admissible as res gestæ.**

Where owner of a house testified to facts from which a jury could infer that his residence had been burglarized, a description of the house when he left it in the morning, and its condition when he returned at 4 p. m., was admissible as part of the res gestæ.

**2. Criminal law ⚖═363—Evidence that chickens were missed from curtilage of burglarized house held admissible as res gestæ.**

Where a house had been burglarized, evidence that there was missed from the curtilage, some chickens and a turkey was admissible as part of the res gestæ and, if found in defendants' possession, was a circumstance tending to connect them with the crime, and their intent in going to the house burglarized.

**3. Burglary ⚖═31—Acts of vandalism on porch of burglarized house held admissible.**

Destruction by those who burglarized a house of flowers and pots on the porch was admissible, since the court might take such fact into consideration in fixing punishment for the crime.

**4. Criminal law ⚖═338(7)—Immaterial that wife and daughter of prosecuting witness were witnesses against defendant in another case.**

In a burglary prosecution, that wife and daughter of prosecuting witness were witnesses against one of defendants in another prosecution, and that such defendant was tried and acquitted, was immaterial.

**5. Witnesses ⚖═268(1)—Cross-examination of defendant's witnesses held not improper.**

Cross-examination of defendant's witnesses in a burglary prosecution touching their relation to the parties and their interest and connection with defendants' father and other close relatives was proper, there being a wide latitude in such examination.

**6. Witnesses ⚖═374(1)—Testimony held admissible as affecting credibility of witness.**

Where defendants, in a burglary prosecution, examined their father as a witness, testimony of the principal witness for state that defendants' father had offered him money to leave the country was admissible as affecting his credibility.

**7. Burglary ⚖═38—That stolen chickens were seen in defendant's yard held admissible in burglary prosecution.**

That stolen chickens were seen in yard of one of defendants after a burglary had been committed was relevant.

**8. Criminal law ⚖═1169(1)—Admission of evidence that defendant's brother killed stolen chickens held harmless error.**

Evidence that defendant's brother killed chickens, which were seen in one of defendants' yard after a burglary had been committed, while perhaps immaterial, was without injury.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Louie, alias Lewie, Hasty and Donnie Hasty were convicted of burglary, and appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Hasty, 211 Ala. 415, 100 South. 562.

J. Hurbert Farmer and Espy & Hill, all of Dothan, for appellants.

On trial of one charged with burglary it is not permissible to show he committed larceny at or about the same time. Robinson v. State, 5 Ala. App. 45, 59 South. 321; Askew v. State, 6 Ala. App. 22, 60 South. 455; Roden v. State, 5 Ala. App. 247, 59 South. 751; Malone v. State, 16 Ala. App. 185, 76 South. 469; Baker v. State, 19 Ala. App. 437, 97 South. 902. Evidence as to the breaking of flower pots, etc., was inadmissible. Sykes v. State, 112 Tenn. 572, 82 S. W. 185, 105 Am. St. Rep. 972. Evidence of a previous prosecution, in which Harris appeared against defendant, should have been admitted. Mitchell v. State, 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 171. It was not shown that appellants were present, and evidence to the effect that their father offered the witness Pybus money to go away should not have been admitted. Henry v. State, 79 Ala. 42; Williamson v. State, 140 Ala. 10, 37 South. 228; Jones v. State, 104 Ala. 30, 16 South. 135.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Other offenses connected with that for which defendant is being tried are admissible. 1 Mayfield's Dig. 333; Yarbrough v. State, 115 Ala. 92, 22 South. 534; Cowan v. State, 136 Ala. 101, 34 South. 193. Goods taken from defendants, alleged to have been taken at the time of the burglary, were properly introduced. Walker v. State, 97 Ala. 85, 12 South. 83; Dodson v. State, 86 Ala. 60, 5 South. 485; Crawford v. State, 44 Ala. 45; Neal v. State, 53 Ala. 465; Cooper v. State, 87 Ala. 135, 6 South. 303; Ill will of defendants toward the injured party may be shown. 1 Mayfield's Dig. 329. Whether one of the defendants was acquitted in another trial was immaterial. Ex parte State (Harbin v. State) 210 Ala. 667, 99 South. 100. Evidence tending to show bias was admissible. Thompson v. State, 100 Ala. 70, 14 South. 878; Noblin v. State, 100 Ala. 13, 14 South. 767.

SAMFORD, J. [1] The owner of the house having testified to facts from which the jury could conclude that the residence of the witness had been burglarized, it was relevant

for witness to describe the condition of the house when he left it in the morning and its condition when he returned about 4 p. m. The locus in quo of a crime immediately preceding, at the time of, and immediately after, a crime has been committed, is always admissible as a part of the res gestæ.

[2] It was also relevant to show that at the time there was missed from the curtilage of the dwelling, or closely connected with it, some chickens and a turkey. This act, if done by the same parties who entered the house, was a part of the res gestæ; if found in the possession of defendants, or either of them, was a circumstance tending to connect them with the crime and also as to the intent of defendants in going to the house burglarized. 1 Mayf. Dig. p. 333.

[3] The destruction by those who entered, the house of the flowers and pots on the front porch of the house was admissible as being a part of the locus in quo. The crime of burglary is punishable by a variable term in the penitentiary, according to the heinousness of the act, and when the act of burglary is accompanied by vandalism, the court may take that fact into consideration in fixing the punishment.

[4] That the wife and daughter of the prosecuting witness were at one time witnesses against Donnie Hasty, one of the defendants named in the indictment, and that Donnie Hasty was tried and acquitted by a jury, is entirely irrelevant and immaterial to this prosecution.

[5] The questions propounded to defendants' witnesses Jim Jones, John Jones, and Armstrong by the solicitor touching their relation to the parties and their interest and connection with defendants' father and other close relatives were asked on cross-examination, in which there is a wide latitude, and in this respect the rulings of the court were without error. Smith v. Kress Co., 210 Ala. 436, 98 South. 378.

[6] The defendants examined as a witness T. J. Hasty, who was their father. After this witness had testified, Pybus, a witness for the state, was permitted to testify that T. J. Hasty had offered him money to leave the country. Pybus was the principal state's witness. This testimony was admissible as affecting the credibility of T. J. Hasty.

[7, 8] That the stolen chickens were seen in the yard of one of the defendants after the crime had been committed was relevant, and that Ernest Hasty killed them, while perhaps immaterial, was without injury. The question of res inter alios acta does not enter into this question, as the chickens were in the possession of one of the defendants when they were killed by his brother.

We find no error in the record, and the judgment is affirmed.

Affirmed.