(111 So. 649)
RILEY v. STATE.   (6 Div. 66.)

(Court of Appeals of Alabama. Jan. 11, 1927. Rehearing Granted March 8, 1927.)

1. Criminal law ⊗437—Admission of diagram of room in which homicide was committed held not error.

Where versions of both state and defense as to arrangement of room in which homicide was committed were fully laid before jury, and diagram thereof was offered by state merely as memorandum of situation rather than accurate work of engineering, court did not err in admitting it in evidence; its correctness and weight and accuracy of testimony relative thereto being for jury.

2. Witnesses ⊗393(3)—Permitting cross-examination as to witnesses' statements before grand jury held not improper.

In murder trial, permitting cross-examination as to whether witnesses made certain statements in their testimony before grand jury held not improper; statements being admissible to impeach them, if contradicting their testimony on trial, and not prejudicial to defendant, if not contradictory.

3. Criminal law ⊗1170½(5)—Solicitor's reference to memorandum in cross-examining witnesses as to statements before grand jury held not prejudical to defendant.

Solicitor's reference to memorandum to enable him to propound questions on cross-examination as to whether witnesses made certain statements before grand jury held not prejudicial to defendant.

4. Jury ⊗70(7)—Motion to quash venire as consisting of only 45 men held properly overruled (Code 1923, § 8646).

Motion to quash venire because it consisted of only 45 men was properly overruled, under Code 1923, § 8646.

5. Criminal law ⊗829(1)—Refusal of charges covered by charges given is not error.

Refusal of charges covered by other written charges or oral charge is not error.

6. Criminal law ⊗807(1), 813—Abstract or argumentative charges are properly refused.

Refusal of abstract or argumentative charges is not error.

On Rehearing.

7. Witnesses ⊗355—Witness impeaching or sustaining veracity of another witness must know latter's general reputation in his neighborhood.

Witness impeaching or sustaining veracity of another witness must have knowledge of latter's general reputation or character in community or neighborhood in which he resides.

8. Witnesses ⊗358—Cross-examination of defendant's witness as to state's witness' reputation for veracity, not inquired about on direct examination, held improper.

Cross-examination of defendant's witness as to state's witness' character and reputation for veracity, with reference to which he was not questioned on direct examination, held improper.

9. Witnesses ⊗355—Witness disclaiming knowledge of another witness' general reputation cannot testify as to his veracity.

That witness has known and lived in same general vicinity with another witness for considerable time, and never heard anything derogatory to him should be allowed to go to jury, but, where he states that he knows nothing of other's general reputation from what people say, he should not be allowed to testify that he would believe him under oath.

10. Witnesses ⊗361(4)—Permitting defendant's witness to testify on cross-examination as to state's witness' veracity held prejudicial error.

Where defendant offered testimony that leading state's witness was unworthy of belief, it was prejudicial error to permit defendant's witness, who stated that he knew nothing of such state's witness' general reputation to tes-

⊗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tify on cross-examination that he thought him worthy of belief.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

J. D., alias Dug, Riley was convicted of first degree manslaughter, and he appeals. Reversed and remanded on rehearing.

Goodwyn & Ross, of Bessemer, for appellant.

When the veracity of a witness is sought to be impeached, an impeaching or sustaining witness must have knowledge of the general reputation or character of the witness sought to be impeached, in the community where the latter resides. Parker v. Newman, 200 Ala. 103, 75 So. 479; Rogers v. State, 16 Ala. App. 58, 75 So. 264; Andrews v. State, 159 Ala. 14, 48 So. 858. In absence of testimony as to its correctness, the diagram offered by the state was not admissible. Burton v. State, 115 Ala. 1, 22 So. 585; Jarvis v. State, 138 Ala. 17, 34 So. 1025; Jones v. State, 181 Ala. 63, 61 So. 434. The venire consisted of less than 50 men, and the motion to quash should have been sustained. Code 1923, § 8644. Stenographic report of previous inconsistent statements before the grand jury by defendant's witness should not have been admitted on cross-examination of said witness. Patterson v. State, 191 Ala. 16, 67 So. 997, Ann. Cas. 1916C, 968; Falkner v. State, 151 Ala. 77, 44 So. 409; Sills v. State, 2 Ala. App. 73, 57 So. 89; Flinn v. Barber, 64 Ala. 193.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant had available more than 30 jurors from whom to select a jury, and there was no error in overruling the motion to quash the venire. Code 1923, § 8646. The cross-examination of witness Walker was along the line of his original examination, and was not improper. Hasty v. State, 20 Ala. App. 9, 100 So. 561; Lumpkin v. State, 19 Ala. App. 272, 97 So. 171. A witness may always be impeached by showing he has made prior contradictory statements as to material matters. Harmon v. State, 166 Ala. 28, 52 So. 348; Cotton v. State, 87 Ala. 75, 6 So. 396. The diagram offered by the state was properly admitted; its accuracy was for the jury. Jones v. State, 181 Ala. 63, 61 So. 434.

RICE, J. Appellant was convicted of the offense of manslaughter in the first degree, and given a sentence to serve 10 years in the penitentiary. The deceased, one R. V. Lee, was the Superintendent of the Woodward Plant of the Woodstock Slag Company, and appellant was a night foreman working under him. A controversy arose between them which culminated in the fatal difficulty, which occurred in the office of the company at Woodward.

We cannot see that a discussion of the evidence would be helpful. Lee was killed by a pistol shot by appellant. There were several eyewitnesses, some of whom testified for the state and some for the defendant. The circumstances under which the shot was fired, in varying versions, were fully brought out on the trial.

Numerous exceptions were reserved on the taking of testimony, but, after carefully reading the entire record, we are convinced that there is merit in none of them.

[1] The matters shown by the diagram admitted in evidence were described by appellant's witness Williams as being "arranged something like that" (referring to the diagram). We think, in view of the fact that the versions of both the state and the defense as to the arrangement of the room, distances, location of chairs, and other objects were allowed to be fully laid before the jury, and in view of the fact that the diagram did not purport to be, and was not offered by the state as being, an accurate work of engineering, but was, at most, offered as a sort of memorandum of the situation, the court did not err in allowing it to go to the jury. The correctness of the diagram, as well as the accuracy of the testimony relative thereto, was a question for the jury, as was also the extent to which they were aided by said diagram. Jones v. State, 181 Ala. 63, 61 So. 434.

[2, 3] We can see no impropriety in allowing the witnesses to be cross-examined as to whether or not they had made certain statements in their testimony before the grand jury. If the statements, being prior, were contradictory of their testimony on the trial, it was proper to allow their impeachment in this manner. Harmon v. State, 166 Ala. 28, 52 So. 348. If they were not so contradictory, testimony of their having been made could not be prejudicial to appellant. The matter of the solicitor referring to a memorandum to enable him to propound the questions could not have been of prejudice to any right belonging to appellant.

Objections to questions asked on cross-examination by the state of defendant's witness Walker were properly overruled as the cross-examination was proceeding along the same general lines of witness' direct examination. The matter was well within the latitude allowed on cross-examination as mentioned in Hasty v. State, 20 Ala. App. 9, 100 So. 561.

---

And then, anyhow, the fact that a witness has known a party for a reasonable time, and been during such time in the same general vicinity with him, and has never heard anything against his character or reputation, may legitimately be offered in evidence as bearing upon the party's reputation in the community.

[4] The motion to quash the venire as impaneled, because it consisted of only 45 men, was properly overruled. Code 1923, § 8646.

[5, 6] Appellant requested in writing 70 written charges, 56 of which were given to the jury by the court. These, in connection with the clear and comprehensive oral charge of the court, fully and correctly apprised the jury of every legal principle involved in the trial. The charges that were refused have each been examined, and we are of the opinion that the court committed no error in refusing them, one or all. Each of them was either incorrect, covered by other written charges or the oral charge, abstract, or argumentative.

The judgment is affirmed.

Affirmed.

## On Rehearing.

[7] "When the veracity of a witness is sought to be impeached, the impeaching or sustaining witness must have knowledge of the general reputation or character of the witness sought to be impeached in the community or neighborhood in which the latter resides." Parker v. Newman, 200 Ala. 103, 75 So. 479.

[8] A further consideration of this case, in response to appellant's application for rehearing, leads us to the conclusion that the objections to the questions put by the state

21 Ala.App.—42

on cross-examination of the defendant's witness Walker should have been sustained. Close scrutiny reveals that this witness was not examined, on his direct examination, with reference to the character or reputation for veracity of the state's witness Shaw, and that our statement in the original opinion that "the cross-examination was proceeding along the same general lines of witness' direct examination" is erroneous.

[9, 10] We are still of the opinion that the fact that a witness has known and lived in the same general vicinity with another for a considerable length of time, and never heard anything derogatory to such other, ought to be allowed to go to the jury for whatever it is worth. But where, as here, the witness states that he knew nothing about such other's general reputation from what people said, he should not be allowed to testify that he would believe him under oath. The action of the trial court in overruling appellant's objections to the questions along this line put by the state to the witness Walker, on his cross-examination, and allowing his answers to go in evidence, was, in our opinion, prejudicial error. It will be kept in mind that Shaw was a leading and important state's witness, and that testimony had been offered by defendant that Shaw was unworthy of belief. To then allow a witness, as Walker, shown not to be qualified, according to the rule quoted at the beginning of this opinion, to testify that Shaw was, in witness' opinion, worthy of belief, must have been damaging to defendant's cause. For the error pointed out, the application for rehearing is granted, the judgment of affirmance set aside, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.