158 So. 771

### ELMORE v. STATE.

### 4 Div. 54.

Court of Appeals of Alabama.

Jan. 15, 1935.

See, also, 25 Ala. App. 326, 146 So. 824; 226 Ala. 327, 146 So. 826.

W. L. Lee, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Justice.

The defendant was indicted and tried on a charge of assault to murder and was convicted of assault and battery on one Deal. The judgment entry recites a plea of not guilty and not guilty by reason of insanity, but the plea of not guilty by reason of insanity seems to have been abandoned. The trial was really had on the plea of not guilty.

■ It was relevant for the state to prove the nature and character of the wound inflicted and, as tending to prove the animus of the assault, the severity of the wound

and the time and medical attention necessary for it to heal. These facts the state proceeded to prove by qualified attending physicians and surgeons. We find no error in the various rulings of the court on these questions.

The difficulty resulting in the cutting of Deal by defendant took place in a pool room in Dothan, Ala., where Deal was engaged in a game of pool. Deal had written an article in a newspaper reflecting upon defendant and in such terms as was calculated to provoke anger and resentment on the part of defendant and against Deal. There was evidence on the part of the state tending to prove that, in resentment of the article, defendant sought Deal, found him in the pool room, and made an attack upon him with a knife, with which he inflicted serious and dangerous wounds on Deal. There was evidence tending to prove that a short time before the difficulty defendant had borrowed a pistol from one Collins and a few minutes after the difficulty defendant told Collins he would find the pistol in the toilet to the pool room, where he had placed it after the difficulty. This evidence was relevant as tending to prove a preparation for making the attack on Deal and an effort to dispose of evidence afterwards. If the defendant went hunting for Deal armed with a knife and a pistol, the jury might infer malice in the assault, which otherwise might not exist.

The defense made an effort to prove that the defendant was "high strung," "nervous," and "excitable." The fact that a man is high strung, nervous, and excitable does not in the least degree justify or mitigate an unlawful assault. The rulings on these questions were free from error.

Temporary or emotional insanity is no justification or excuse for a felonious assault in this state. The court's charge was full and explicit as to the law of this case. We find no error and the judgment is affirmed.

Affirmed.