18 So.2d 103

## WARD v. STATE.
### 8 Div. 374.

Court of Appeals of Alabama.
May 9, 1944.

Powell & Powell, of Decatur, for appellant.

416

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of violating the prohibition laws by selling whiskey.

The case is in its elements very simple. The State's evidence was direct to the effect that appellant was guilty as charged. That for the appellant—he did not testify, himself—was to a contrary effect. There are no exceptions to rulings on the admission or rejection of testimony that seem worthy of mention.

Appellant objected to going to trial, and moved for a continuance, on the ground that some of his witnesses were not present. But in overruling his motion the learned trial court stated—after giving his reasons—"I am going to hold that you have not used due diligence in getting your case ready, and order the case to proceed to trial."

In addition to, and supporting, the above, some principles which the record shows applicable here, will be set down, viz.:

■■ (1) The granting or refusing an application for a continuance is a matter within the discretion of the court, and unless the discretion was abused, refusing motion will not be disturbed. Wells v. State,

20 Ala.App. 240, 101 So. 624. We fail to observe any abuse of the trial court's discretion, here.

■ (2) It is not error for the court to deny an application for a continuance where absent witnesses are not within the jurisdiction of the court. Gaines v. State, 146 Ala. 16, 41 So. 865; Curtis v. State, 9 Ala.App. 36, 63 So. 745.

■ (3) Forcing a defendant to trial within 30 days of the institution of the prosecution is not error. Morris v. State, 193 Ala. 1, 68 So. 1003.

There was no error in overruling appellant's application for a continuance, here.

■ In view of what has been said hereinabove there was of course no error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor.

We have endeavored to perform our full duty under the Statute, Code 1940 Title 15, Sec. 389, but find no error for which the judgment should be reversed.

It is affirmed.

Affirmed.