18 So.2d 98

## HENLEY v. STATE.

### 4 Div. 844.

Court of Appeals of Alabama.

May 16, 1944.

Murphy & Cook, of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

434

SIMPSON, Judge.

Appellant was convicted of the offense of manslaughter in the first degree and received a sentence of five years imprisonment in the penitentiary.

A controversy, which culminated in the fatal affray, arose between appellant and deceased, one Lester DuBose, in whose house appellant was then residing.

We cannot see that a detailed discussion of the evidence would be helpful. DuBose was stabbed in the throat, confessedly by appellant, and died within about fifteen minutes. The case was well tried, each of the parties litigant was ably represented, and the circumstances of the fatal affray, in varying versions, were fully brought out on trial.

Only two exceptions were reserved pending trial which merit treatment here and they are made the basis of argument for error by appellant's counsel. We treat them in order.

The first exception urged for error is the action of the court in allowing the introduction by the State of a diagram of the floor plan of the house where the killing occurred, showing the location of certain articles of furniture. After its introduction the map was used by both sides in aiding the witnesses in their testimony. It was also proven that the diagram was substantially correct and fairly portrayed the various rooms, porches, etc., of the house. There was no error in admitting it in evidence.

In Burton v. State, 107 Ala. 108, 127, 18 So. 284, 289, this identical proposition was discussed as follows: "There is an exception to the introduction of a map which purported to show the place where the body was found, and many natural objects testified about during the trial, their relative directions and distances from each other and from the place of homicide. The map seems to have been used generally by both sides, without objection, during the trial, and referred to by the witnesses as illustrating and explaining their testimony. There was evidence, also, showing that, for the purposes for which it was used, it was substantially correct. Under these circumstances, the court did not err in permitting the map to go to the jury."

There are many other cases which affirm the correctness of the court's ruling in the premises. Some are: McWhorter v. State, 9 Ala.App. 70, 64 So. 158; Riley v. State, 21 Ala.App. 655, 656, 111 So. 649; Noel v. State, 161 Ala. 25, 49 So. 824, 826; Jones v. State, 181 Ala. 63, 61 So. 434, 439; Burton v. State, 115 Ala. 1, 9, 22 So. 585.

The next and final insistence of error relates to the following rulings of the court: A few minutes after the affray and while DuBose lay dead on the ground outside his house, the defendant returned to the gate and said: "I got him. Oh, hell, I'm not through, I am going to get the rest of them and finish my job." The court first denied the motion to exclude this evidence, but almost immediately thereafter changed the ruling and stated: "I am going to change my ruling on that about going back and getting the rest of them. Your objection is good. You shall not consider the testimony that he wasn't through and that he was going back and get the rest of them. That has nothing to do with this case and should not influence the jury one way or the other."

We are unable to detect any error prejudicial to the defendant in the foregoing action of the court, first because the alleged objectionable parts of the declaration were promptly excluded by the court with appropriate instructions that it be disregarded, which cured any injury by its admission (7 Ala.Dig., Crim.Law, ☞1169(5) and, second, because admission of this character of evidence under these circumstances has been approved as proper.

"This statement attributed by the testimony was no part of the homicidal act nor of the circumstances so immediately attending the act as to constitute it a part of the res gestæ. But evidence may be capable of different constructions, and we cannot say that this had no tendency to show defendant's hostility at the time of the declaration, and from that the jury may have inferred hostility at the time of the killing. Charlie Carter v. State, 205 Ala. 460, 88 So. 571; Smith v. State, 183 Ala. 10, 62 So. 864; 1 Wigm. on Evidence, § 396; McManus v. State, 36 Ala. 285; Henderson v. State, 70 Ala. 29." Thomas v. State, 18 Ala.App. 268, 270, 90 So. 878, 879. 30 C.J., Sec. 440, p. 213.

We have carefully studied the entire record and conclude that no error appears. The judgment is affirmed.

Affirmed.