31 So.2d 99
### ADAMS v. STATE.
#### 4 Div. I.

Court of Appeals of Alabama.
April 22, 1947.

Rehearing Denied May 20, 1947.

Frank A. Mizell, Jr., of Montgomery, and Ralph A. Clark, of Andalusia, for appellant.

137

138

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted in the court below on an indictmet charging the offense of assault with intent to murder.

In a well prepared brief, counsel for appellant states and argues eleven propositions upon the basis of which error is urged. We have not overlooked our duty under the provisions of Title 15, Sec. 389, Code 1940, but after a careful examination and study of the record we entertain the view that when we have discussed each of the propositions indicated we will have given attention to all matters of meritorious significance.

As we foresee our task this will necessitate a rather extended opinion. For convenience and illustrative value in the preparation of this, opinion, we will state and consider each of the propositions in the order in which they appear in counsel's brief.

"Proposition I

"Where the verdict of a jury is contrary to the weight and preponderance of evidence, such verdict should be set aside and the trial court therefore erred in failing to grant appellant's motion for a new trial."

Without conflict in the evidence, the accused shot the injured party twice with a pistol, inflicting severe and serious wounds. It is also without dispute that the appellant hit the assaulted person on the head with the pistol. The defendant testified that the first gunfire was accidental and occurred while a scuffle was in progress. It follows, therefore, that the prime factual question centers around the inquiry of whether or not the defendant was acting in self defense, as he claimed. It appears from the record that the two participants in the affray, in company with two women, were out riding. The evening was spent in going from place to place along the highway. Much whiskey was consumed and, to state it frankly, the journey was taken up with conduct very unbecoming and disgraceful. In any event, the carousal was terminated by a fight between the two male

journeymen. The automobile was parked at the time, but when the difficulty began the two women left the car and were some distance away when the shots were fired.

The court and jury had only the testimony of the two men to determine what did in fact occur at the time of the shooting. As to these events the evidence is in irreconcilable conflict. If the version of the injured party is to be accepted as true, there was no legal justifiation for the assault upon him. Appellant's counsel, in oral argument and in brief, cogently insists that the disclosed physical findings make the account given by the State's witness unbelievable and unreasonable. We do not so conclude. Many positions of the parties are possible when a scuffle or fight is in progress in and about an automobile. The bullet mark on the car and the course of the wounds on the body of the injured person do not, of themselves, destroy the verity or accuracy of the State's evidence.

We cannot bring ourselves to the view that we should disturb the judgment of the trial court in his action in overruling the motion for a new trial on the insisted ground that the verdict is not sustained by the great preponderance of the evidence. Smith v. State, 23 Ala.App. 488, 128 So. 358; Locklear v. State, 17 Ala.App. 597, 87 So. 708.

"Proposition II

"Justice requires that a reasonable and adequate time be afforded all persons accused of crime for the preparation of their defense."

The offense occurred on the night of August 5th, 1946. The accused was forthwith placed in jail. An indictment, charging him with the crime, was returned on September 23rd, 1946. Appearance bond was fixed at $1500.00. While the record does not indicate, we are privileged to assume that a reasonable bond was also named at the time of the original arrest. Appellant was released from jail on October 25th, 1946, and was put to trial on October 28th following.

Counsel urges with earnest insistence that the trial judge abused his discretion in putting the defendant to trial under the circumstances indicated, it being mainly contended that because of his confinement in prison the appellant was injuriously hindered in the preparation of his defense. It is not intimated that the accused was in any way deprived of reasonable access to counsel. In fact, the record shows that he was visited by his wife and friends during the period of his imprisonment. It would be a novel and extreme position to hold that, just because an accused cannot or does not make bond after arrest and before trial, a continuance must be granted solely for the handicap this occasions. Such a rule could prevent some charged offenders and indictees from ever being brought to trial.

The application for a continuance was also based on the claim that appellant had witnesses outside of the State and he had not had time and opportunity to assure their attendance at court. Four witnesses testified to the circumstances of the assault. These constituted all who were present. The defendant introduced three of these, including himself.

It is not made to appear by the record how any of these out-of-State witnesses could have aided in the defense, nor was the trial judge apprised of the nature or materiality of their anticipated testimony. In addition they were beyond the jurisdiction of the court and their attendance could not have been forced.

Clearly, the court below did not abuse his enlightened discretion in denying the application for a continuance. Gast, v. State, 232 Ala. 307, 167 So. 554; Morris v. State, 193 Ala. 1, 68 So. 1003; Curtis v. State, 9 Ala.App. 36, 63 So. 745; Bedsole v. State, 28 Ala.App. 27, 177 So. 308; Malone v. State, 10 Ala.App. 178, 64 So. 632; Denton v. State, 17 Ala.App. 309, 85 So. 41; Gaines v. State, 146 Ala. 16, 41 So. 865; Ward v. State, 31 Ala.App. 415, 18 So.2d 103.

"Proposition III

"The trial court erred upon hearing of the motion for a new trial in striking testimony duly stipulated and agreed between the parties."

It appears that the solicitor agreed that, if one of the attorneys for the appel-

lant were present at the hearing on the motion for a new trial, he would testify to certain facts. This agreement and proposed statement were reduced to writing. At the hearing the solicitor objected to the introduction of the written stipulation, and the trial court sustained the objections. It should be noted that the agreement did not attempt in any way to bind the court in his judgment as to its materiality. Its introduction was, of course, subject to his views of its competency if objections should be interposed to its allowance in evidence. Be this as it may, the statement contains no additional evidential value. It recites facts with reference to the appellant's confinement in jail and the attorney's inability to procure the attendance of certain unnamed out-of-State witnesses. The rights of the appellant were in no manner impaired by this action of the court.

## "Proposition IV

"The state cannot under the guise of attacking the credibility of a defendant in truth and fact put the defendant's character in issue in the absence of the defendant having done so."

The appellant did not introduce any witnesses as to his general good character. After he had testified, the State presented a large number of persons who testified that the character of the accused was bad. No effort was made to inquire concerning his character for truth and veracity, or whether or not any of the declarants would believe him on oath. However, the court did instruct the jury very specifically and accurately that this evidence could be considered only in determining the credibility of the defendant as a witness.

■■ It is the settled rule in this jurisdiction that, when a defendant in a criminal case has testified in his own behalf, his credibility as a witness is subject to impeachment and the State is privileged to introduce evidence of the general character of the accused without restricting the inquiry to his reputation for truth and veracity. Gast v. State, supra; Mealer v. State, 242 Ala. 682, 8 So.2d 178; Rogers v. State, 16 Ala.App. 58, 75 So. 264; Walling v. State, 15 Ala.App. 275, 73 So. 216.

## "Proposition V

"The use of an excessive number of witnesses to prove defendant's bad character when the same has not been put in issue by him, is a prejudicial abuse of discretion and its harmful effect cannot be eliminated or avoided by the pretext of limiting it to an impeachment of defendant's cerdibility."

■ We must confess that this is a rather novel position. The defendant certainly did not admit that his testimony was untrue or incredible. The State observed the rule in the introduction of the evidence. Whether or not this legal proof should be established "at the mouth" of a few or many witnesses addressed itself to the judgment of the solicitor.

This court held in Leverett v. State, 18 Ala.App. 578, 93 So. 347, that, under the factual issues in that case, it was error to reverse for the trial court to limit the character witnesses for the defendant. In the case at bar the testimony of the accused was in the main pitted against the testimony of the injured party. Whether or not due credence should be given the evidence of the appellant became a matter of very material inquiry. We find no error here.

## "Proposition VI

"The unrestricted use of ex parte testimony given before a Grand Jury, or officers of the court, under the guise of testing the recollection or credibility of the witness violates defendant's right to a fair and impartial trial."

We have carefully examined the record reflecting the complaint here made, and we do not find in any incident where objections were interposed that the rule of evidence appertaining was violated.

■ It is, of course, well established by the authorities that a witness may be impeached and discredited by showing prior statements in conflict with his sworn testimony given at the trial. 19 Alabama Digest, Witnesses, ⊙ 379. This includes his testimony before the grand jury if the inquiry is limited to contradictions. Riley v. State, 21 Ala.App. 655, 111 So. 649; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845.

The case at bar is readily distinguishable from Williams v. State, 32 Ala.App. 597, 28 So.2d 731, recently decided by this court.

## "Proposition VII

"The court's action in denying appellant the right to examine all the Grand Jury testimony of a witness when parts of such testimony were being used by the State in an attempt to test the recollection of the witness, was erroneous, and such error was not remanded by the Court's subsequent action in granting defendant the right to examine same after the defendant had rested his case."

■ When this request was first made the trial judge denied to appellant's counsel the opportunity to examine the transcribed testimony which was taken when the witness testified before the grand jury. It was not made clear to the judge that this witness's testimony was all that was contained in the document. For aught we know he may have entertained the view that there was other data which the solicitor was not obliged to disclose. In any event, when the defendant rested his case and before the State proceeded in rebuttal, the record shows the following:

"The 'Court: In reference to the witness Jeanette Watson, in reference to some notes. He said they were grand jury notes, and he cross examined her with reference to some statements she made before the grand jury. You remember that?

"Mr. Clark: Yes, sir.

"The Court: And you demanded that they be delivered to you, and he is willing to do it. If you want to examine her with reference to it it will be all right.

"Mr. Simmons: We want to say this: We have a bunch of character witnesses back there and I don't know whether we'll finish this tonight.

"Mr. Clark: I'll do it later."

Again, later in the course of the trial and before the taking of the testimony had closed, appellant's counsel made this statement:

"Let the record show that the Court changed its ruling relative to the statement before the Grand Jury and that the attorney for the defendant was furnished the statement, that it was read over by the attorney for the defendant to the defendant and in the presence of the witness, Miss Jeanette Watson."

It is obvious that the rights of the accused were in no manner infringed by these incidents.

## "Proposition VIII

"Admission of testimony as to appellant's general character based on knowledge subsequent to the alleged offense is erroneous."

There is confusion among the authorities in this jurisdiction relating to this insistence. We will not attempt to point out the cases where the conflict appears, but rather we will rest our decision on what we conceive now to be the settled law.

In Cooley v. State, 233 Ala. 407, 171 So. 725, 727, Justice Foster, writing for the court, announced this rule: "If he has not testified, the inquiry as to defendant's character when admissible is limited to the time of the alleged crime or prior to it. Carter v. State, 226 Ala. 96, 145 So. 814. For impeachment of a witness the law permits evidence of general character, not limited to truth and veracity, but not including special traits not affecting truth and veracity, Dolan v. State, 81 Ala. 11, 12(5), 1 So. 707; Sweatt v. State, 156 Ala. 85, 47 So. 194; Cox v. State, 162 Ala. 66, 50 So. 398; and the time of the inquiry extends to the trial, Carter v. State, supra. But, when he has not put his character in evidence, and has testified as a witness, the State can only offer such character evidence as is admissible for impeachment."

See also, Hunter v. State, 20 Ala.App. 152, 101 So. 100.

Since the evidence of the bad character of the defendant in the instant case was limited to his credibility as a witness and could be introduced only for the purpose of impeachment, it follows by reason and logical deduction that the inquiry should extend up to the time he offered himself as a witness.

■ We cannot charge error on account of this ruling for another reason. This specific objection was only based

when one of the character witnesses was testifying. As to the other witnesses the point was waived for failure to state the ground. Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Holcombe v. State, 17 Ala.App. 91, 82 So. 630.

■ As to the one witness indicated, it was established in the evidence that while he had been living in the defendant's home town only since the commission of the offense he had, in fact, known the appellant for about three years prior thereto. The question to which objections were interposed was so framed that it could relate to the time both prior and subsequent to the alleged assault. The insistence here made would certainly have no weight if the inquiry had reference to a period antedating the time of the difficulty. It is not error to sustain an objection to a question that seeks to elicit both competent and incompetent evidence. Harris v. State, 8 Ala.App. 33, 62 So. 477; Consford v. State, 15 Ala.App. 627, 74 So. 740; Harris v. State, 17 Ala.App. 13, 81 So. 349; Brooks v. State, 32 Ala.App. 389, 27 So.2d 48.

"Proposition IX

"Permitting questions and answers under the theory of impeachment, or predicate for impeachment, of a witness as to immaterial and irrelevant matters is erroneous."

■ Complaint here is made against two questions that were propounded on cross examination of appellant's witness Minnie Swart. The first of these was answered in the negative and favorably to the objector, and the second was not answered at all. Under these circumstances error should not be predicated. Edmonds v. State, 16 Ala.App. 157, 75 So. 873; Malone v. State, 16 Ala.App. 185, 76 So. 469.

"Proposition X

"The court erred in permitting the State to give details of the method of treatment of the injured party, as it allowed the introduction of inflammatory and prejudicial matter which was not necessary for proof of relevant facts."

■ The attending physician gave evidence, over objections, of the methods employed in his treatment of the wounds of the injured party; that in his opinion the treatment administered was reasonably necessary for recovery; and that hospitalization of the patient was advisable. We do not agree with counsel that there was thereby injected inflammatory and prejudicial matter, unless it can be said that the description and delineation of the nature of the inflicted wounds occasioned it. If this be true, the appellant was the accused, and it became a matter of material inquiry for the jury to have evidence of the extent and character of the wounds. On the trial for assault with intent to murder this is a permissible inquiry. Elmore v. State, 26 Ala.App. 290, 158 So. 771; Berry v. State, 27 Ala.App. 507, 175 So. 407; Spurling v. State, 29 Ala.App. 73, 191 So. 919.

"Proposition XI

"The lower court erred in denying appellant's counsel the right to cross-examine a state witness as to appellant's reputation for truth and veracity, when such witness had been put on the stand to discredit appellant's credibility as a witness."

■ This point for review arose while Officer Head was being examined on cross examination, after he had testified on direct examination that the general character of defendant was bad. The questions to which objections were directed called for the opinion of the witness based on his personal acquaintanceship acquired by association and contact with the accused. This was out of harmony with the rule which provides that to qualify to declare facts concerning character for truth and veracity the declarant must possess knowledge of the general reputation or character of the party whose testimony is sought to be discredited or impeached. Parker v. Newman, 200 Ala. 103, 75 So. 479; Stone v. State, 208 Ala. 50, 93 So. 706; Twitty v. State, 168 Ala. 59, 53 So. 308; Riley v. State, 21 Ala.App. 655, 111 So. 649.

We have endeavored to give due consideration to all meritorious matters presented by this record.

The judgment of the lower court is ordered affirmed.

Affirmed.