301 So.2d 256

**John Earl FRAZIER**

v.

**STATE.**

**6 Div. 743.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Robert R. Bryan, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for appellee.

HARRIS, Judge.

Appellant was convicted of assault with intent to murder and sentenced to ten (10) years imprisonment in the penitentiary. He was represented by employed counsel both at arraignment and trial. He pleaded not guilty. After conviction he was found to be indigent and the court ordered a free transcript for him. Trial counsel was appointed to represent him on appeal. However, another attorney was retained to represent him on appeal and the court relieved appointed counsel.

On Sunday, January 17, 1971, the victim, Joseph White, and his brother, Clarence, were visiting in the home of Callie Mae Curry, located at 2614 2nd Alley, South, in the City of Birmingham. Present at the time were Callie Mae and Helen Frazier, sisters of the appellant, and two of appellant's brothers. Appellant walked in the house and did not speak to anyone. The victim asked him for a cigarette and appellant ignored the request and went to the kitchen. A few minutes later he walked back through the room where the other people were sitting and still did not speak but walked out the front door and stood in the yard. The victim got up and walked out of the house. He was going to get some money from his wife to buy cigarettes. He saw appellant and asked him

why he did not give him a cigarette. Appellant made some statement that the victim did not understand and pulled a .38 caliber pistol out of his pocket and shot the victim three times. The first shot went through the victim's left forearm and into his stomach. The second shot entered the stomach and the third shot entered the right cheek and came to rest behind the right ear. The victim was standing eight or nine feet from appellant when the shooting occurred and he fell to the ground. While lying on the ground, he heard appellant call his brother Clarence to come out and he would kill him, too. The victim testified that he was completely unarmed at the time he was shot and had not had a quarrel with appellant prior to being shot.

After the shooting, Callie Mae came out of the house and went to the victim and he told her he was cold. Callie Mae testified that while she was kneeling over the victim, she saw a yellow handle case knife with the blade sticking in the ground a foot or two from his head. She went back in her house to get a pillow to put under the victim's head and a blanket to cover him. She was gone only a few minutes and when she returned, the knife was missing and she never saw the knife again.

Another witness called by the defense said the victim was advancing on appellant at the time he was shot and kept moving closer to him until the third shot was fired. This witness said he did not see a knife or other weapon in the victim's hands, but after he fell he saw a yellow handle case knife sticking in the ground.

Appellant testifying in his behalf said that the victim provoked the difficulty and was advancing on him with an open knife and that he was forced to shoot him in defense of his life.

A detective of the Birmingham Police Department came to the scene to investigate the occurrence shortly after the shooting. He did not find a knife or other weapon. He interviewed the witnesses and no one could tell him anything about a knife, "if there was one there in the first place."

During the trial while the victim was testifying it was apparent that he was unable to recall all the details leading up to and culminating in the shooting. He testified there were some events he could not recall prior to the shooting and there were some things he could not recall since he was shot. He was asked if the gunshot wound to his head had affected his memory and he replied, "It had me in a dream for a long period of time."

Appellant contends on this appeal that the trial judge should have stopped the trial and made a determination as to the competency of the victim to testify in the case. Appellant's trial counsel did raise this issue at any time during the trial. The victim was subjected to a rigid and exhaustive cross-examination under the watchful eye of an experienced trial judge. The judge realized the victim was at a disadvantage in remembering some details but nothing was elicited during the examination to indicate the victim was an incompetent witness. At any rate, trial counsel made no objections and invoked no ruling from the court on the issue that is raised for the first time on appeal.

■ In the absence of an objection defense counsel waived any supposed impediment to witness' capacity to testify. Conner v. State, 52 Ala.App. 82, 289 So.2d 650.

■ Review on appeal is limited to those matters on which rulings are invoked at nisi prius. Felton v. State, 47 Ala.App. 182, 252 So.2d 108; Smith v. State, 40 Ala.App. 600, 119 So.2d 202.

■ The prosecution without objection had the victim pull up his shirt and

show his wounds to the jury. The rule is too well settled that in a prosecution for assault with intent to murder, evidence of the victim's wounds and their severity is admissible. Bone v. State, 25 Ala.App. 96, 142 So. 437; Elmore v. State, 26 Ala.App. 290, 158 So. 771.

There was no motion to exclude the state's evidence; no motion for a new trial; no request for the affirmative charge, and no exceptions to the court's oral charge. In this posture of the record nothing is presented for review. Eady v. State, 48 Ala.App. 726, 267 So.2d 516.

There is no error in the record and the case is affirmed.

Affirmed.

All the Judges concur.