BOOKOUT, Judge.
Sale of marijuana; sentence: four and one-half years imprisonment.
The evidence presented at trial was overwhelming to the effect that the appellant engaged in the sale of marijuana on June 16, 1975. The appellant’s sole defense at trial appears to have been entrapment. The jury could have reasonably found that the evidence presented to sustain the defense of entrapment was insufficient. There are three issues raised by the appellant on appeal.
I
The appellant contends that the results of a polygraph or lie detector test should not have been admitted into evidence.
Before trial, the State and the appellant, who was represented by counsel, agreed to the admission of the results of the test. A thorough examination of the appellant and the administrator of the test revealed to the trial court that the appellant was competent to voluntarily make the agreement and take the test. The appellant’s contention that he lacked the competence to make the agreement rested solely on the fact that he had only an eighth grade education. That fact is not sufficient to establish incompetency to the degree required to make his consent involuntary.
The polygraph test was given in the presence of an attorney. The results of the test indicated that the appellant engaged in deception while attempting to recount the events of June 16,1975, the day he allegedly sold the marijuana.
*1049 Even though several of our sister states have held that the results of polygraph tests are admissible pursuant to pretrial stipulation,, it is not necessary for us to rule on that proposition at this time. See, State v. Cunningham, Fla.App.1975, 324 So.2d 173. In the present case, the appellant never objected to the introduction of the results of the test. It is axiomatic that in order to obtain a review of the admissibility of evidence one must object to the evidence stating the appropriate grounds and obtain a ruling on the objection. Therefore, there is nothing before this Court to review in this regard. Frazier v. State, 53 Ala.App. 492, 301 So.2d 256 (1974).
II
The appellant contends that the trial court erred in not granting a mistrial because of an improper question which was propounded by the State’s attorney.
During the cross-examination of the appellant by the State, the following exchange took place:
“Q. (Mr. Espy continuing): You were convicted in January of 1974 of three cases of burglary and grand larceny for which you were sentenced to four years in the penitentiary for; is that correct?
“A. Yes, sir.
“Q. And one grand larceny case for which you were sentenced thirteen months in the penitentiary?
“A. Yes, sir.
“Q. And you were given a break in those cases, were you not? Because the judge let them all run concurrent.
“MR. SHINBAUM: Your honor, I object to that question and move to strike it. Prejudicial.
“THE COURT: Sustained.
“MR. SHINBAUM: I would like to have that statement excluded by the district attorney.
“MR. ESPY: Withdraw it.
“THE COURT: Granted.
“MR. SHINBAUM: I would move for a mistrial because of its prejudicial nature.
“THE COURT: Denied.”
There is no doubt but that the State’s assertion, that the appellant had on another occasion been given some form of break, constituted an improper argument.
The trial court has much discretion regarding the granting of a mistrial. Cooks v. State, 55 Ala.App. 538, 317 So.2d 506 (1975). There is no ironclad rule regarding abuse of discretion; rather each ruling must be reviewed in the light of the facts of each case. Here the evidence was overwhelming and virtually uncontradicted to the effect that the appellant was guilty. The only possible effect that the improper question had on the jury would have been to influence their decision as to the appellant’s sentence. But for the offense charged here, the judge imposes sentence, not the jury. We find that the trial judge did not abuse his discretion in denying the motion for a mistrial. The trial judge could have reasonably concluded that the improper question was not so prejudicial as to deny the appellant a fair trial. We reach the same conclusion.
Ill
After the trial court’s oral charge to the jury, the appellant orally requested that the trial judge charge the jury regarding possession as a lesser included offense of selling marijuana. The requested charge was not written. The trial court could have refused the charge on that ground alone. Title 7, § 273, Code of Alabama 1940 (Recompiled 1958); Kilpatrick v. State, 51 Ala. App. 352, 285 So.2d 516 (1973) cert. denied 291 Ala. 628, 285 So.2d 525.
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.