From a conviction and sentence for the offense of rape in the first degree, in violation of § 13A-6-61, Code of Alabama
(1975), this appeal follows.
Appellant was indicted for the offense of rape in the first degree by the Franklin County Grand Jury on March 8, 1984. He filed a motion to quash the venire, which the court denied. He was tried before a duly sworn jury and found guilty of rape in the first degree of his ten-year old daughter. He was sentenced to thirty years in the state penitentiary, pursuant to the Habitual Offender Act. Oral notice of appeal was given at sentencing.
Appellant raises one issue for this court's review. He contends that the jury selection process in Franklin County is unconstitutional and that the jury venire that was prepared and furnished to the trial court by the Alabama Judicial Data Center does not meet the statutory guidelines set forth in §12-16-55, § 12-16-56, § 12-16-57, or § 12-16-145, Code ofAlabama (1975).
Appellant argues that the jury venire in this case, or the master list of jurors, as compiled by the Alabama Judicial Data Center, is made up exclusively from records filed with the Alabama Department of Safety, and only includes those individuals who have drivers' licenses or personal identification cards registered with that Department. Additionally, appellant argues that this method specifically and systematically excludes, from jury service, large numbers of qualified persons who reside in Franklin County, but whose driver's license carries a mailing address which would suggest that they live outside Franklin County.
As the Honorable Judge Harris stated in Williams v. State,453 So.2d 367, 368 (Ala.Cr.App. 1984):
 "The appellant relies on State ex rel. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198 (1970), wherein the court held that a jury selection procedure which utilized the county voter registration list as the sole and exclusive source of qualified jurors was a `fraud in law,' under the circumstances, because it did not substantially comply with the existing jury selection statutes, statutes which required, on the master jury list, the name of every qualified person in the county. Appellant's reliance on Maples, however, *Page 389 
is misplaced because the statutes applicable in Maples have been repealed and replaced by §§ 12-16-55
to -57."
The Franklin County procedure, utilizing holders of Alabama drivers' licenses or identification cards, does not violatecurrent Alabama law. See, Wesley v. State, 424 So.2d 648
(Ala.Cr.App. 1982); Lopez v. State, 415 So.2d 1204 (Ala.Cr.App. 1982); Williams, supra. "Persons holding drivers' licenses" are expressly recommended in § 12-16-57 (a) as sources for names of persons to be included on the master list to foster the "fair cross section" policy of § 12-16-55. Furthermore, the exclusion of those groups of persons cited by appellant does not violate the policy of § 12-16-56, which proscribes the exclusion of a person "on account of race, color, religion, sex, national origin or economic status."
The Franklin County procedure, therefore, complies with current Alabama law, even though it does not attempt to locate for jury duty every qualified person. As this court, per Judge Harris, held in Lopez, supra:
 "The law in Alabama does not require, literally, that every qualified person's name be placed on the rolls or in the box. Mitchell v. Johnson, 250 F. Supp. 117
(M.D.Ala. 1966). Failure to include the name of every qualified person on the jury roll is not a ground to quash an indictment or venire, absent fraud or purposeful discrimination. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)."
See also Williams, supra, at 369.
The present case is analogous to Lopez because in that case this court held that the use of driver's license lists, provided by the Department of Public Safety, did not exclude lower income groups from jury service. The evidence in Lopez
showed that using the Public Safety records produced a more complete list of jurors and that method was held to be acceptable. In the present case, the evidence indicated that by using the Department of Public Safety records, the county had compiled a master jury list containing the names of nearly 100% of the people aged nineteen and over in Franklin County. John O'Sullivan, an information services officer for the Administrative Office of Courts (A.O.C.), testified that this method was, by far, the most accurate he had seen yet. Furthermore, Randy Helms, a court management analyst with A.O.C., testified that this method did not intentionally exclude anyone from the list and that corrections are made to the list when errors or omissions are called to the attention of A.O.C. personnel.
From a review of the record, we are convinced that the evidence indicates no violations of statutory requirements in jury selection. For the reasons outlined above, the decision of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.