Tony Rayburn pleaded guilty to the offense of selling marijuana, a violation of § 20-2-70, Code of Alabama 1975, and was sentenced to seven years' imprisonment. He specifically reserved the right to appeal the denial of his motion challenging the array of the grand jury which indicted him, on the basis that the master list from which the grand jury venire was drawn did not represent a "fair cross section" of the community as required by the United States Constitution and §12-16-55, Code of Alabama 1975 (Supp. 1985).
Evidence presented at the motion hearing established that the master list for Marion County is derived exclusively from Alabama Department of Public Safety records of persons holding drivers' licenses or non-drivers' identification cards. The names are computer-sorted by county according to the postal zip codes shown on the licenses and cards. Potential Marion County jurors whose mail is delivered by a post office outside of Marion County, and whose drivers' licenses or identification cards carry a zip code indicative of another county, were excluded from the master jury list for Marion County.
Rayburn's evidence showed that approximately 3500 citizens residing in the communities of Hodges, Vina, Phil Campbell, Haleville, Detroit, and Glen Allen were omitted from the jury pool and that these citizens represented over 20 percent of the qualified Marion County jurors. The State conceded that the manner in which the list was compiled may have excluded some qualified jurors, but maintained that the number omitted was 1448 rather than 3500. Even if the higher figure is correct, however, we find that no constitutional or statutory right of the defendant was abridged by the compilation of the master jury list from which the grand jurors who indicted him were chosen.
The "fair cross section" requirement of § 12-16-55, supra, is analogous to the requirement, derived from the Sixth Amendment to the United States Constitution, Williams v. State,453 So.2d 367, 369 (Ala.Cr.App. 1984), that "petit juries must be drawn from a source fairly representative of the community," Taylorv. Louisiana, 419 U.S. 522, 538, 95 S.Ct. 692, 702,42 L.Ed.2d 690 (1975).[1] "In order to establish *Page 735 
a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process." Duren v. Missouri,439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).
The practice of using drivers' licenses as the sole source for compiling a master jury list does not violate the "fair cross section" requirement of § 12-16-55, supra. Vaughn v.State, 485 So.2d 388 (Ala.Cr.App. 1986); Lopez v. State,415 So.2d 1204, 1209 (Ala.Cr.App. 1982). Therefore, the particular issue in this case is whether the citizens of the six rural communities omitted from the jury list constitute a "distinctive group" in Marion County. Duren v. Missouri, supra;Williams v. State, supra.
A "distinctive" or "cognizable" group, for fair cross section analysis has been defined by the following criteria:
 "A group to be `cognizable' for present purposes must have a definite composition. That is, there must be some factor which defines and limits the group. A cognizable group is not one whose membership shifts from day to day or whose members can be arbitrarily selected. Secondly, the group must have cohesion. There must be a common thread which runs through the group, a basic similarity in attitudes or ideas or experience which is present in members of the group and which cannot be adequately represented if the group is excluded from the jury selection process. Finally, there must be a possibility that exclusion of the group will result in partiality or bias on the part of juries hearing cases in which group members are involved. That is, the group must have a community of interests which cannot be adequately protected by the rest of the populace." United States v. Guzman, 337 F. Supp. 140, 143-44 (S.D.N.Y.), affirmed, 468 F.2d 1245 (2d Cir. 1972), cert. denied, 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973).
See also United States v. Blair, 493 F. Supp. 398, 406 (D.Md. 1980), affirmed, 665 F.2d 500 (4th Cir. 1981); United States v.Smith, 463 F. Supp. 680, 682 (E.D.Wis. 1979); United States v.Test, 399 F. Supp. 683, 689 (D.Colo. 1975), affirmed,550 F.2d 577 (10th Cir. 1976); Rubio v. Superior Court, 24 Cal.3d 93,154 Cal.Rptr. 734, 737, 593 P.2d 595, 598 (1979); State v.Elbert, 121 N.H. 43, 424 A.2d 1147, 1149 (1981); State v.Price, 301 N.C. 437, 272 S.E.2d 103, 109 (1980). "Mere geographical imbalance [in a master jury list], absent evidence that an identifiable and cognizable segment of the community has been systematically excluded or underrepresented by reason of such imbalance, does not violate the statutory and constitutional requirement that the jury panel represent a `fair cross section of the community.'" United States v. Test,550 F.2d 577, 582 n. 4 (10th Cir. 1976); See also United Statesv. Young, 618 F.2d 1281, 1288 (8th Cir.), cert. denied,449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980); People v.Chesler, 91 Misc.2d 551, 398 N.Y.S.2d 320, 324 (Sup.Ct. 1977). Residents of cities, towns, or villages do not, per se, constitute a cognizable class or a "distinctive group" in the absence of a showing that the city lines also *Page 736 
serve to separate racial groups or economic classes to any significant extent. Cobbs v. Robinson, 528 F.2d 1331, 1336 (2d Cir. 1975), cert. denied, 424 U.S. 947, 96 S.Ct. 1419,47 L.Ed.2d 354 (1976); Chesler, supra.
The defendant has the burden, in a jury selection challenge, to prove a prima facie case, United States v. Smaldone,485 F.2d 1333, 1347 (10th Cir. 1973), cert. denied, 416 U.S. 936,94 S.Ct. 1934, 40 L.Ed.2d 286 (1974); United States v. Blair,493 F. Supp. at 406; Williams, supra. The defendant here introduced no evidence that the residents of the excluded rural communities were defined by a similar attribute or shared a common viewpoint which could not have been adequately represented by other segments of Marion County. Compare Rubio, supra (exclusion of resident aliens from jury pool did not deny defendant a representative jury, since the viewpoint of resident aliens could be adequately represented by naturalized citizens); Price, supra (underrepresentation of jurors in the 18-29 year old age group was permissible in the absence of proof that the values and attitudes of the group were "cohesive, consistent, or substantially different from" other segments of the community).
The defendant proved only that the group omitted from the jury rolls here was rural and was sizeable (20 percent of the eligible population). While citizens of rural areas probably have some shared attributes, "the common characteristics of the group do not rise to constitutional proportions." Cf. Cobbs v.Robinson, 528 F.2d at 1336 (residents of the city of Bridgeport, Connecticut, not a distinctive group). Furthermore, the size of the excluded group alone does not make it cognizable or "distinctive." See United States v. Test, supra (47.85 percent of the general population).
In short, the defendant did not meet his burden of proof here. By not proving that the residents of the excluded communities constituted a "distinctive group," he fell short of satisfying the first prong of the Duren v. Missouri, test,Williams, 453 So.2d at 369, and thereby failed to establish that the grand jury which indicted him did not represent a fair cross section of the community.
In Blair, supra, the defendant objected to the exclusion from jury service of persons whose last names began with the letters X, Y, and Z. The exclusion resulted from the court clerk's programming the computer, once it had obtained too many names from the jury wheel, to drop the excess names from the end of the list. The Blair court observed that, although the process was not a statistically random one, it did not result in a constitutional or statutory "fair cross section" violation. That court concluded, as we do in an analogous situation involving "computer" exclusion of large numbers of eligible jurors:
 "Although this Court does not endorse the practice which effectively excludes persons whose names begin with the last three letters of the alphabet and would suggest that some other system be used by the Clerk to eliminate excess names, so long as the practice does not prevent a fair cross section of the community from serving as jurors, it does not violate defendant's rights under the Constitution or under the statute." 493 F. Supp. at 410.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The Sixth Amendment is relevant only by analogy here, since it is limited in its application to petit juries, see Taylor v.Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).See generally W. LaFave J. Israel, Criminal Procedure § 15.3 (c) (1984). Although the Fifth Amendment right to a grand jury also embodies a "fair cross section" requirement, see Hobby v.United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260
(1984), it does not apply to a state prosecution, Hurtado v.California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). The equal protection clause of the Fourteenth Amendment also guarantees a representative jury, see Rose v. Mitchell,443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), but challenges under that provision are "analyzed under the same standards as to suspect classifications, standing of defendants not part of the protected group, and proof of purposeful discrimination,"Criminal Procedure, supra, at 292. See Castaneda v. Partida,430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977);Commonwealth v. Bastarache, 382 Mass. 86, 414 N.E.2d 984,991-93 (1980).
Thus, the defendant in the case before us is limited, in his challenge to the grand jury array, to reliance upon the statutory provision of § 12-16-55, since none of the relevant federal constitutional provisions allows a grand jury challenge in a state prosecution by one who is not a member of the excluded group.