TYSON, Judge.
Jimmy Clarence Nobles was indicted for the intentional murder of Michael Hopkins in violation of § 13A-6-2(a)(l), Code of Alabama 1975. The jury found the appellant “guilty of murder as charged in the indictment” and the appellant was sentenced to 20 years in prison.
The appellant killed the victim by stabbing him in the back. The appellant contends that the trial judge erred by admitting his taped confession into evidence and also erred in his oral charge to the jury.
I
The appellant argues that his confession was involuntary because he was intoxicated and in pain at the time he waived his *588 rights and confessed. The appellant does not dispute the fact that he was advised of his rights as set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He claims, however, that because of his pain and intoxicated state, he was unable to knowingly and intelligently waive his rights.
The voluntariness of a confession is a question of law addressed in the first instance to the discretion of the trial judge and the court’s ruling will not be disturbed on appeal unless it is contrary to the great weight of the evidence or manifestly wrong. Hubbard v. State, 500 So.2d 1204 (Ala.Cr.App.1986), aff'd, 500 So.2d 1231 (Ala.1986); Tice v. State, 386 So.2d 1180 (Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala.1980). Garrison v. State, 372 So.2d 55 (Ala.Cr.App.1979). “Intoxication, short of mania or such impairment of the will and mind as to make an individual unconscious of his words, will not render a statement or confession inadmissible.” Tice v. State, 386 So.2d 1180, 1185 (Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala.1980); See also, Hubbard v. State, 500 So.2d 1204 (Ala.Cr.App.1986), aff'd, 500 So.2d 1231 (Ala.1986); Boggan v. State, 455 So.2d 228 (Ala.Cr.App.1984).
This record indicates that the appellant’s confession was taken approximately four hours after the murder. The appellant twice told investigating officer Ann Ballard that he understood his constitutional rights. Prior to making his confession, the appellant asked Officer Ballard with what he was charged; what would happen if he did not make a statement and if he would be able to go home that night. All of these questions indicate that the appellant understood his situation. Officer Ballard testified that the appellant did not appear intoxicated and was able to respond to her questions.
Although the appellant testified that he and his wife had shared three to four-fifths of a bottle of wine prior to the incident, a review of the circumstances surrounding the statement indicates that the trial judge did not err in admitting the confession. See Musgrove v. State, 519 So.2d 565 (Ala.Cr.App.1986), aff’d, 519 So. 2d 586 (Ala.1987). (Defendant’s confession was voluntary where he testified that he drank two six packs of beer during the day and took at least 40 Xanax tablets two hours prior to his confession). Several police officers testified that the defendant was not intoxicated. See Moore v. State, 488 So.2d 27 (Ala.Cr.App.1986). (Defendant’s confession was properly admitted where the defendant testified that he was a “little drunk” and took two Libratrol pills on the way to the police station).
The appellant also contends that his confession was involuntary because he was suffering from severe pain at the time and was, therefore, unable to understand his rights. The appellant’s hand was cut during the stabbing incident and he was taken to a hospital for treatment prior to being taken to the police station. While he was making his confession, the appellant referred to the pain in his hand twice. Officer Ballard testified that the defendant was able to understand and comprehend his situation. In Holladay v. State, TMs. .7 Div. 913, September 20, 1988] (Ala.Cr.App.1988), this court held that the defendant’s statements were not involuntary because he had suffered a gunshot wound. See also Thompson v. State, 462 So.2d 777 (Ala.Cr.App.1984). Although the appellant suffered from a knife wound rather than a gunshot, the same is true in this case. There is not indication in this record that the defendant’s pain affected his ability to understand his situation. The trial judge properly admitted the defendant’s confession into evidence.
Even if this court found the confession to be involuntary, any error in admitting the confession was harmless because the defendant’s testimony at trial was substantially the same as his recorded confession. See Romine v. State, 384 So.2d 1185 (Ala.Cr.App.1980), cert. denied, 384 So.2d 1188 (Ala.1980).
II
The appellant also contends that the trial court erroneously instructed the jury on *589 the provocation required for manslaughter. This court need not review this issue since the issue has not been preserved for appeal. Rule 14, A.R.Crim.P.Temp.; Holmes v. State, 497 So.2d 1149 (Ala.Cr.App.1986); Allen v. State, 414 So.2d 989 (Ala.Crim. App.1981, aff'd 414 So.2d 993 (Ala.1982).
The record indicates that appellant’s attorney stated that he was “satisfied” at the conclusion of the oral charge and that he failed to object when the court again instructed the jury on provocation when the jurors sought a clarification.
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.