James Lynwood Robinson was indicted for burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced the appellant to twenty-five years in the State penitentiary as a habitual felony offender. Additionally, the trial judge fined the appellant $20,000.00 and ordered him to pay restitution in the amount of $1,246.30 to the Houston County Farmers *Page 1132 
Exchange and pay $100.00 to the Alabama Crime Victims Compensation Fund.
Between 5:00 p.m. on January 6, 1988, and 7:00 a.m. on January 7, 1988, the Houston County Farmers Exchange in Houston County, Alabama, was burglarized. The padlock on the front door was pried off. The building was entered and several knives, some clothes, and some change from the cash register and the candy machine were taken.
On January 12, 1988, this appellant was shot in the head. He was taken to Southeast Alabama Medical Center in Dothan, Alabama. A bullet had lodged against the temporal region of his skull. The bullet was removed at the hospital.
Later that night, the appellant was taken into custody by the Dothan, Alabama, Police Department on misdemeanor warrants. He was taken to the Dothan City Jail.
The next morning, January 13, 1988, Officer Ray Owen and Sgt. Robert Jenkins of the Dothan Police Department interviewed this appellant. During this interview, the officers obtained a taped confession from the appellant that he was the one who burglarized the Farmers Exchange. In his confession, the appellant stated that he pried the lock off of the front door of the Farmers Exchange and entered that building. He stated that he took two or three knives and some blue jeans from the store. The confession was transcribed from the tape and admitted at the trial of this appellant.
 I
The appellant first contests the validity of the venire panel from which the ultimate petit jury was chosen and the ultimate petit jury itself.
 A
As to the venire panel, this appellant moved to quash the panel on the grounds that it did not adequately represent a fair cross-section of the community in which this appellant was tried and convicted. As a result, this appellant claims that his U.S. Sixth Amendment rights were violated.
The venire panel in the case at bar was selected from a computer list of all licensed drivers in Houston County, Alabama. This court addressed the same system in Vaughn v.State, 485 So.2d 388 (Ala.Cr.App. 1986); Lopez v. State,415 So.2d 1204 (Ala.Cr.App. 1982). In Vaughn, the court held that such a system complied with both the law of the State of Alabama and the Constitution of the United States. See
U.S. Const. amend. VI; Ala. Code §§ 12-16-55 through -57, 12-16-145
(1975).
According to Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664,58 L.Ed.2d 579 (1979), the appellant has the burden to prove that the venire panel of prospective jurors does not represent a fair cross-section of the community. The appellant must prove, inter alia, that the system which was used to choose the given panel systematically excludes "a substantial and identifiable segment of the total population of the community."Duren; Rutledge v. State, 482 So.2d 1250, 1253-54 (Ala.Cr.App. 1983), rev'd on other grounds, 482 So.2d 1262 (Ala. 1984).
While a system of selecting potential jurors which systematically excludes a given group or segment of the community violates a person's rights, it is incumbent on the appellant to prove this result. In the cause sub judice, the appellant's counsel at trial admitted that he did not know if the current system tended to exclude black people more than white people in Houston County, Alabama. (R. 7-8).
Therefore, we find that this appellant failed to make a showing, either at trial or now on appeal, which would indicate that selection of potential jurors from all licensed drivers in the county prejudiced his ability to obtain a fair trial.
 B
The appellant also claims that the prosecutor, by striking two of three blacks from the venire, violated the mandates ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). *Page 1133 
The appellant in this cause is black. The petit jury which ultimately convicted him was composed of eleven white persons and one black person.
The district attorney stated that his office circulated the list of potential jurors to the surrounding law enforcement agencies in Houston County before the jury was selected. Sgt. Williams of the Houston County Sheriff's Department reviewed the list and returned it to the district attorney with several jurors marked as "bad" or "good" choices. The district attorney stated that both black veniremen whom he struck were marked as "bad" choices by Sgt. Williams, whom the district attorney believed to be black also.
The district attorney stated that other black veniremen on the master list were marked as "good" choices. It is not clear if the black juror who actually served on the petit jury was one of those so marked.
The district attorney further stated that he struck one of the black veniremen because he was tardy for two days when the circuit clerk called the roll. The other juror, according to the district attorney, knew someone by the name of Melvin Hill, the name of a person from whom some of the stolen property from the burglary was recovered.
When viewing "all relevant circumstances," we hold that the reasons enunciated by the prosecutor were here sufficiently race neutral. Ex parte Branch, 526 So.2d 609, 622 (Ala. 1987). We caution that a prosecutor's exercise of a peremptory challenge of a black venireperson based solely upon the recommendation of a law enforcement officer is highly suspect. However, the underlying basis for the recommendation may supply a racially neutral reason for the exercise of a peremptory challenge.
 II
The appellant next contends that the trial court committed reversible error when it refused to grant his motion for continuance.
The appellant filed a motion for continuance on June 1, 1988. The appellant contended in his motion and at trial that he was confined from January 12, 1988, until the time of trial, June 7, 1988, because of an excessive bond ($10,000.00), which he was unable to pay because of his indigency. The appellant alleged that, at the time of the burglary, January 6 or 7, 1988, he was in Tallahassee, Florida. He claimed that there were several people in Tallahassee who could substantiate his alibi.
The appellant's counsel argued that his ability to find these witnesses was hindered, since most of the witnesses were in a black neighborhood and he was white. The appellant stated that his father tried to bring him a Tallahassee, Florida, telephone book but that the personnel at the Dothan City Jail refused to let him have it.
The following is a list of those whom this appellant claims could substantiate his story: (1) Larry Hollis, a friend, who was stationed at Fort Rucker, Alabama, but who was "absent without leave" (AWOL) and whom the appellant had been unable to locate; (2) the manager at a Kentucky Fried Chicken in Tallahassee, name and address unknown, with whom the appellant spoke around 6:00 p.m. on January 5, 1988; (3) a black female, name and address unknown, who is an assistant manager at Krispy Kreme Doughnuts in Tallahassee and with whom he spoke on January 5 or 6, 1988, around 2:00 a.m.; (4) some young ladies who worked at McDonald's in Tallahassee, Florida, who the appellant claims saw him there on January 5, 1988; (5) a white lady, who was a secretary at the Greyhound Bus Station in Tallahassee and who the appellant claims saw him there on January 7 or 8, 1988; (6) a female clerk at the Rexall Drug Store in Marianna, Florida, where the bus made a stop in route to Dothan, Alabama; (7) Roger Dale Fulford of the Silver Fox Cab Company in Dothan, Alabama, who picked up the appellant from the bus station and took him to Cedar Heights in Dothan; (8) a prostitute named Peaches with whom the appellant stayed in the Magnolia or Camelia Hotel in Tallahassee; (9) employees at the hotel who could testify that he was there on January 7 or 8, 1988; (10) some people at a liquor store in Tallahassee who would testify that *Page 1134 
he was there on January 5 or 6, 1988; and (11) Waymon Peterson, his brother-in-law, who was at the apartment in Dothan and could testify as to when he returned from Tallahassee.
Only Roger Dale Fulford testified on behalf of the appellant. Fulford stated that he picked up this appellant from the Greyhound Bus Station in Dothan, Alabama. He stated that the appellant did not have any luggage. He took the appellant to Cedar Heights in Dothan, Alabama. He did not remember the date, only that it was in January of 1988.
When evidence or a witness is absent, a trial court should grant a continuance if the appellant shows the following:
 "(1) the expected evidence [is] material and competent; (2) there [is] a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party [has] exercised due diligence to secure the evidence."
Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala. 1986). (Emphasis added.)
The decision of whether to grant a continuance is in the sound discretion of the trial judge. His decision will not be overturned absent a clear showing of abuse of discretion, since the trial judge is in a better position than an appellate court to make such a determination. Saranthus; Owens v. State,460 So.2d 305, 313 (Ala.Cr.App. 1984).
Of the eleven witnesses that the appellant claimed could substantiate his alibi, he only knew three by name. One of these three testified in his behalf but did not verify his alibi. Another was AWOL from Ft. Rucker Army base. This appellant offered no evidence that he was in a better position to find this witness than the United States Army. The third of these witnesses was the appellant's brother-in-law. The appellant stated only that he could not find this witness, but did not offer any evidence that he or his attorney exercised due diligence in so trying.
Seven of the other eight alleged witnesses lived or worked in Tallahassee, Florida. The eighth of these witnesses worked in Marianna, Florida. Of these eight witnesses, all were one-time acquaintances. In accord with Saranthus, it is doubtful if these witnesses, even if found, would remember this appellant. Additionally, if they were found, it is no more likely, without a showing by this appellant, that the witnesses could place him in Tallahassee on the dates he alleged he was there, than the taxi cab driver could remember the date he picked up this appellant from the bus station. At a minimum, there was no evidence whatsoever offered by this appellant which proves that any testimony by these witnesses would be "competent."Saranthus. See Reese v. State, 549 So.2d 148 (Ala.Cr.App. 1989) (no evidence witnesses could be found).
Furthermore, where the witnesses are in another state, as were eight of these alleged witnesses, the decision of the trial judge to grant a continuance to locate those witnesses is given additional leeway by this court. The reason for this added discretion was best stated as follows in Godfrey v. State, 383 So.2d 575,577 (Ala.Cr.App.), cert. denied, 383 So.2d 579 (Ala.),cert. denied, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134
(1980):
 "It is discretionary with the trial court to deny a continuance where the absent witness is not within the jurisdiction of the court. Ward v. State, 31 Ala. App. 415, 18 So.2d 103 (1944). It has been specifically held that a defendant is entitled to a continuance so as to have compulsory process for obtaining witnesses in his favor only when it appears that the witnesses are within the court's jurisdiction; otherwise such process would be impotent and a continuance in order to grant it would be useless. Walker v. State, 117 Ala. 85, 23 So. 670 (1898); Curtis v. State, 9 Ala. App. 36, 63 So. 745 (1913)."
Based upon these decisions, we find that the trial judge neither abused his discretion nor denied the accused his right to compulsory process by denying this appellant's motion for continuance. See Dale v. State, 466 So.2d 196, 200-01
(Ala.Cr.App. 1985). See also Hamrick v. State, 548 So.2d 652 *Page 1135 
(Ala.Cr.App. 1989); Tolbert v. State, 552 So.2d 164
(Ala.Cr.App. 1989).
 III
The appellant also alleges that the trial court committed reversible error based on two objections made by the appellant at trial.
First, the appellant claims that the trial judge committed reversible error when he overruled the appellant's counsel's objection to the prosecutor's leading question, while sustaining the prosecutor's objection to the appellant's counsel's asking leading questions.
Second, the appellant claims that the trial judge committed reversible error when the court sustained the prosecutor's objection on grounds not alleged. The prosecution objected to a question by defense counsel as being repetitious. The trial judge sustained the objection based on the ground that the question asked was repetitious.
As to both of these contentions, we find no error. These are matters clearly within the trial judge's discretion, and we find no abuse of that discretion. See Wright v. State,49 Ala. App. 539, 274 So.2d 95 (1973).
Furthermore, for the first contention, the appellant refers this court to Sprinkle v. State, 368 So.2d 554, 563
(Ala.Cr.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979). InSprinkle, this court made clear that allowance of leading questions is in the discretion of the trial judge.
For both contentions, the appellant has failed to cite any law which supports his argument. Therefore, these arguments are deemed waived.[1] Vinzant v. State, 462 So.2d 1037, 1039
(Ala.Cr.App. 1984).
 IV
The appellant next contends that the trial judge committed reversible error by denying his motion for a mistrial.
The appellant objected at trial to an answer by Officer Owen to one of the prosecutor's questions. The trial judge sustained the objection and instructed the jury to disregard the witness's statement. The appellant asked for a mistrial, which the trial judge denied.
We find that any prejudicial effect of Officer Owen's statement was immediately cured by the trial judge when he instructed the jury to disregard that response. Soriano v.State, So.2d 1336 (Ala.Cr.App. 1985); 527 So.2d 1367
(Ala.Cr.App. 1988); Parker v. State, 482 Retowsky v. State,333 So.2d 193 (Ala.Cr.App. 1976).
Moreover, "[t]he trial judge is in a better position than an appellate court to determine whether remarks before a jury are so prejudicial as to be inerradicable." Reid v. State,474 So.2d 148, 151 (Ala.Cr.App. 1984), rev'd on other grounds,474 So.2d 151 (Ala. 1985). We find no error in the trial judge's ruling.
 V
Lastly, the appellant contends that admission of his confession into evidence at trial was error and that without the confession the appellant claims that the State lacked sufficient evidence to convict him of burglary in the third degree.
The appellant's argument is in two parts. First, the appellant alleges that the State failed to sufficiently prove the corpus delicti, as a prerequisite to admission of his confession. Second, the appellant contends that his statement was not freely and voluntarily given and thus should not have been admitted at trial.
Both queries have been previously addressed and answered by this court in Tice v. State, 386 So.2d 1180 (Ala.Cr.App.),cert. denied, 386 So.2d 1187 (Ala. 1980).
The appellant correctly states the law in Alabama, but he failed to note the exception to the rule as was discussed inTice, 386 So.2d at 1185-86, as follows:
 The traditional rule in Alabama is that a defendant's confession may not be admitted into evidence until proof of the *Page 1136 
corpus delicti has been established by evidence independent of the confession. The corpus delicti need not be established solely by direct evidence as circumstantial evidence may suffice. Gamble, McElroy's Alabama Evidence, § 200.13 (3rd ed. 1977). Equally as established as the rule is an exception to it. That is, if a confession is inadmissible when offered because of failure of proof of the corpus delicti, the error is cured by subsequent proof of the corpus delicti. Cooley v. State, 233 Ala. 407, 171 So. 725 (1937); Floyd v. State, 82 Ala. 16, 2 So. 683 (1886). In Laffitte v. State, Ala.Cr.App., 370 So.2d 1108, cert. denied, Ala., 370 So.2d 1111 (1979), this court, citing Cooley, supra, stated:
 " 'It makes no difference, as concerns reversible error, whether the corpus delicti be proved before or after the admission of the confession so long as it is proved at sometime during the trial. . . .'
 "In Watters v. State, Ala.Cr.App., 369 So.2d 1262, 1271 (1978), reversed on other grounds, Ala., 369 So.2d 1272 (1979), we stated:
 " '. . . inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. . . .' "
See also Knighten v. State, 402 So.2d 363, 364 (Ala.Cr.App. 1981).
The testimony in the case at bar of the two police officers and the manager of the Farmers Exchange establish that a burglary occurred and certain items were removed from the store. The confession, on the other hand, clearly establishes that this appellant committed the offense for which he was duly charged. All of the evidence, in toto, clearly establishes all of the elements of burglary in the third degree, Ala. Code §13A-7-7 (1975), including the corpus delicti.
The statement or confession itself, in the context of these facts, is sufficient to prove the corpus delicti also.Tice. Therefore, if the trial judge properly found that the confession was freely and voluntarily given, its admission was likewise proper. See Ex parte Singleton, 465 So.2d 443, 445
(Ala. 1985) (preponderance of evidence).
In Tice, 386 So.2d at 1185, we stated:
 "The voluntariness of an alleged confession is a question of law addressed to the trial court whose ruling, upon preliminary proof, will not be disturbed on appeal unless it appears to be contrary to the great weight of the evidence or is manifestly wrong. Garrison v. State, Ala.Cr.App., 372 So.2d 55 (1979)."
We stated, in like regard, in Holman v. State, 495 So.2d 115,117 (Ala.Cr.App. 1986), that, where there is substantial evidence to support a voluntary waiver by the accused of hisMiranda rights and voluntary giving of a confession, the trial judge's decision to admit the confession will not be disturbed by this court. See Bills v. State, 49 Ala. App. 726,275 So.2d 706 (1973).
In the cause sub judice, the appellant testified that he had been shot the night before he gave the statement. He stated that he was in pain, under the effects of medication, and scared. He claimed that one of the two police officers who questioned him pulled his coat back and exposed his gun, which further intensified the appellant's fear. See Nobles v. State,541 So.2d 587 (Ala.Cr.App. 1989).
The appellant also testified that he was placed in his cold jail cell overnight and was not provided a blanket or sheet. He said that he told the officers this, but that they told him he would not get a blanket until he cooperated with them.
The appellant stated that the two officers showed him a map with red and blue dots. According to the appellant, they told him that the dots represented burglaries and robberies that he was suspected of committing. The appellant testified that the officers told him he could be charged with more than thirty of these crimes if he did not cooperate.
The testimony of the two officers, Officer Owen and Sgt. Jenkins, contradicted all *Page 1137 
of the appellant's testimony. Both officers testified that, other than the burglary of the Farmers Exchange, they spoke with this appellant only about his gunshot wound and the circumstances surrounding the wound. The confession which was given by this appellant was taped by the officers, and then transcribed. The appellant admitted that the tape adequately represented that which was included on the transcription.
Officer Owen testified that the appellant acted normal. He walked on his own volition and had no problems doing so. The appellant told the two officers that he had a headache, but other than this did not complain of any physical problems. The appellant did not, according to the officers, appear to be under the influence of medication. Neither officer recalled being told that the appellant was not given linen in his jail cell.
The appellant was shown a waiver of rights form. The appellant admitted that he told the officers that he read the form and understood his rights. The appellant admitted to signing the same.
Both officers further testified that they in no way coerced or induced this appellant to confess to the crime. According to both officers, the appellant never denied committing the burglary.
The contradictory nature of the testimony in this cause clearly makes this a decision for the trial judge. We hold, in reviewing this evidence and testimony, that the trial judge did not abuse his discretion in allowing the confession to be admitted at trial. Tice; Holman. See also Hutchinson v. State,516 So.2d 889 (Ala.Cr.App. 1987); Shewey v. State, 48 Ala. App. 730, 267 So.2d 520 (1972).
For the reasons stated, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] For the appellant's contention that the trial judge erroneously sustained the prosecutor's objection on grounds not alleged, the appellant admits his argument is "convoluted." We agree. The cases cited are not applicable to the matter raised on appeal.