Todd B. Burleson, the appellant, was convicted for driving under the influence of alcohol, in violation of Ala. Code 1975, § 32-5A-191(a)(2), as adopted by the City of Daphne. He was fined $500 and was sentenced to 48 hours in jail. In addition, his license was suspended for 90 days. He raises two issues on this appeal of that conviction.
 I.
The appellant contends that his constitutional rights under the Sixth Amendment were violated because he was denied a jury venire representing a fair cross-section of the community by the systematic exclusion of black members from the venire.
At trial the appellant challenged the composition of the venire, asserting that, although blacks constitute approximately 10% of the population of the county, there was only one black on the venire, which consisted of approximately "just over a hundred people." R. 15. In response to this argument, the trial judge stated:
 "[T]he jury venire selection of Baldwin County is done through a computerized process based on drivers' licenses. . . .
". . . .
 ". . . [T]he State has approved this methodology of selecting jurors. And to the extent that the computer selects them strictly on the basis of a numerical process, there is no intentional exclusion of any group for any reason. It may very well be, and it might be provable that of the ten percent of the county population that may be the black race, it may be that someone is gonna be able to prove one of these days that a percentage of those who would fall into that category who obtained drivers' licenses may be smaller than the same percentage of the others, the non-blacks.
". . . .
 "There's some merit in the argument [of defense counsel that that system is inherently unfair and constitutionally flawed]. I am going to deny the motion on several grounds, not the least of which is is that the defendant in this case *Page 1252 
happens to be a white man and certainly does not suffer the same derrogational [sic] constitutional safeguards in facing this venire as [if he] were a black man. If your client were a black man, I would quash this jury and we would move on. As a practical matter, he is not. Secondarily, the process which may in the — in this one instance on a result oriented investigation have failed has, I think, demonstrated in the past that it has generally over a long span of time, be that like six or eight jury venires, pretty well consistently maintained a fair representation of the county. So I would deny it. Certainly it might bear some investigation. I would be interested in seeing it investigated." R. 15-18.
Contrary to a portion of the trial court's ruling, a white defendant does have standing to challenge the systematic exclusion of blacks from the jury venire. Peters v. Kiff,407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972). See also Powersv. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991);Ex parte Bird and Warner, 594 So.2d 676 (Ala. 1991).
However, as the trial court found, the appellant failed to sustain his burden of proving systematic exclusion. Here, as inPierce v. State, 576 So.2d 236, 241-42 (Ala.Cr.App. 1990), cert. denied, 576 So.2d 258 (Ala. 1991),
 " 'In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.' Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).
 "The appellant has the burden of establishing a prima facie case of a 'fair cross section' violation. Rayburn v. State, 495 So.2d 733
(Ala.Crim.App. 1986). Here, the appellant has failed to meet this burden. The mere recitation of the percentage disparity between the population of blacks in Geneva County [13%] and the number of blacks on the jury venire [5%] is not sufficient in this instance to allow us to conclude that blacks were not fairly represented on this jury venire in relation to the black population in the community.
 "Furthermore, even if the appellant had demonstrated that blacks were underrepresented on the jury venire, he failed to show that this was due to the systematic exclusion of blacks in the selection process of the jury venire list. This court has expressly approved the use of drivers' licenses or identification cards for compiling master jury lists. See Rayburn; Vaughn v. State, 485 So.2d 388 (Ala.Crim.App. 1986). The appellant presented no evidence that this procedure systematically excluded blacks from the jury venire list. 'The United States Constitution "does not require an exact proportion between the percentage of blacks in the population and those on the jury list. What is required is that no qualified person can be excluded from jury service." ' Jackson v. State, 549 So.2d 616, 619 (Ala.Crim.App. 1989)."
The appellant's motion to quash the venire was properly denied.
 II.
The trial court properly refused to instruct the jury as requested by defense counsel that the jury must answer the question, "Was the defendant driving under the influence to the extent that he was driving unsafely?" R. 89. That request was covered in the following portion of the court's oral charge:
 "If [the appellant's blood-alcohol level] was more than .1, you would have to presume that he was [under the influence], but you would still have to consider all other evidence touching on the subject of whether he was under the influence to the extent that his ability to operate his motor vehicle was impaired. . . . If, after a fair and impartial consideration of this evidence, you are *Page 1253 
satisfied that the defendant had more than .1 percent alcohol by weight in his bloodstream, you could presume that he was under the influence. And if the other evidence touching on that matter did not persuade you to some other conclusion, that presumption alone would be sufficient for you to base a conclusion that he was under the influence to the extent that he could not operate his motor vehicle safely." R. 85-86 (emphasis added).
The refusal of a requested jury instruction "shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge." Rule 21.1, A.R.Crim.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.